**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

Christopher McTaggart, an individual,

    Plaintiff,

v.

Johnson Family Law, P.C. d/b/a Modern Family Law, A Colorado corporation,

Michael David Johnson, an individual,

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, Christopher McTaggart, by and through his attorney, Thomas H. Mitchiner of Mitchiner Law, LLC, submits his Complaint against Defendants, Johnson Family Law, P.C. d/b/a Modern Family Law and Michael David Johnson, and in support states as follows:

### Nature of the Case

This is a wage and hour case arising out of Johnson Family Law, P.C. d/b/a Modern Family Law's [MFL] and Michael David Johnson's [Johnson] failure to pay Christopher McTaggart [McTaggart] overtime as required by the Colorado Wage Claim Act and the Fair Labor Standards Act, and commissions as required by the Colorado Wage Claim Act.

## Parties

1) Plaintiff, Christopher McTaggart is a resident of the Aurora, Arapahoe County, State of Colorado.

2) Defendant, Johnson Family Law, P.C. d/b/a Modern Family Law, is a Colorado corporation with its principal offices in the City and County of Denver, Colorado.

3) Defendant, Johnson is the owner/managing member/partner of MFL.

4) Johnson required MFL to consult with him regarding all executive decisions and to copy him on all emails concerning the executive decisions.

5) Johnson is the registered agent for Johnson Family Law, P.C. d/b/a Modern Family Law.

6) Further, Johnson required McTaggart to consult with him on basic client retention letters when attorney's left MFL.

7) Johnson is an employer under the Fair Labor Standards Act [FLSA].

8) Upon information and belief, Johnson made all of the decisions at MFL concerning McTaggart's employment.

9) MFL is an employer under the FLSA and the Colorado Wage Claim Act [CWCA].

10) McTaggart is an employee under the FLSA and the CWCA.

11) McTaggart worked for MFL from March 19, 2018 through September 25, 2019.

12) MFL did not pay McTaggart overtime during most of the time he worked for it, despite the fact that McTaggart regularly worked over 40 hours in a week or over

12 in a day.

## Jurisdiction and Venue

13) Jurisdiction is asserted pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

14) This is an action authorized and instituted pursuant to the FLSA, 29 U.S.C § 201 *et. al.*

15) All claims arose in the Judicial District of this Court. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) (c).

16) This Court has supplemental jurisdiction over McTaggart's state law claims pursuant to 28 U.S.C. § 1367.

## General Allegations

17) On March 14, 2018 MFL provided McTaggart with an offer letter offering him a position with it as a Litigation Paralegal.

18) In the offer letter, MFL states that McTaggart's "position is considered a non-exempt position for purposes of federal wage-hour law, which means that you will be eligible for overtime for the hours actually worked in excess of 40 in a given week."

19) The offer letter specifically states that this letter or any other oral or written representations made on behalf of MFL to McTaggart is not a contract.

20) MFL paid McTaggart $14.00 per hour plus 20% of all cash received from his billed hours.

21) When McTaggart begin working for MFL it did not have a time clock system to record an employee's hours.

22) During this period for his billable hours MFL had McTaggart submit

handwritten or typed hours every week.

23) Regardless of the number of hours worked by McTaggart MFL only paid McTaggart for 40 hours each week.

24) McTaggart worked over 40 hours a week and over 12 hours in a day.

25) McTaggart regularly worked from 7:00 am until 6:00 or 7:00 pm at the office, and then would go home and work from 9:00 pm to 10:00 pm.

26) At times McTaggart worked more.

27) In May of 2019, MFL changed payroll providers and began to require McTaggart to clock in.

28) From May 2019 until McTaggart's resignation, MFL paid McTaggart his overtime hours.

29) However, during this period MFL failed to properly calculate McTaggart's overtime pay rate, and thus did not pay him what he was owed.

30) MFL calculated McTaggart's overtime pay rate based only on his $14.00 an hour regular rate of pay.

31) McTaggart's overtime should have been determined by dividing his total remuneration for employment in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.

32) After MFL switched time clock companies it instituted a strict policy of not allowing employees to perform any overtime.

## Commissions

33) In regard to commissions McTaggart's offer letter stated that: "In the event

of separation of employment, your final paycheck will include cash received from your billed hours through the end of the billing cycle of your last day worked. You will not be entitled to commissions beyond that date."

34) During McTaggart's employment the applicable employee handbook and a policy guide did not contain any additional information regarding the payment of commissions after an employee's separation from MFL.

35) Despite the language in the offer letter, the parties never entered into an unambiguous agreement regarding the payments of commissions after McTaggart's separation from MFL, because MFL specifically stated that the offer letter was not a contract of employment.

36) There are no other documents or agreements specifying how commissions will be paid after an employee leaves MFL.

37) Without an agreement to the contrary MFL is required to pay McTaggart all of his earned, vested, and determinable commissions even if MFL did not receive payment on those invoices until after he left MFL.

38) On October 7, 2019 McTaggart sent MFL a demand letter requesting that MFL pay him commissions.

39) MFL refused to pay the commissions.

40) On October 28, 2019 McTaggart sent another demand letter to MFL requesting that it pay him the money it owes him in overtime as well as his commissions.

41) The date of the filing this complaint MFL has not attended any money to McTaggart entitling McTaggart to penalties.

## First Claim for Relief
(Overtime - Fair Labor Standards Act – All Defendants)

42) The foregoing allegations are realleged and incorporated by reference.

43) MFL at all relevant times was an employer within the meaning of the FLSA.

44) MFL at all times relevant employed McTaggart within the meaning of the FLSA.

45) MFL classified McTaggart as non-exempt under the FLSA.

46) As a non-exempt employee McTaggart should have been paid one- and one-half times his regular hourly rate for each hour he worked over 40 in a week.

47) McTaggart regularly worked from 7:00 am until 6:00 or 7:00 pm at the office, and then would go home and work from 9:00 pm to 10 pm.

48) MFL's billing records and emails establish that McTaggart worked approximately 25 hours of overtime per week.

49) MFL knew that McTaggart worked these hours.

50) MFL failed to pay McTaggart at a rate of one- and one-half times his regular rate of pay for all of the hours he worked over 40 in a week.

51) Further, beginning in May of 2019 MFL failed to properly calculate McTaggart's overtime rate.

52) Despite the directive to not work any overtime after May 2019 McTaggart was required to work some overtime.

53) MFL calculated McTaggart's overtime based on his $14.00 per hour pay rate and not by dividing his total remuneration for employment in any workweek by the

total number of hours actually worked by him in that workweek for which such compensation was paid.

54) Thus, even when MFL actually paid McTaggart overtime pay, it failed to properly calculate his overtime rate and owes him money for those hours.

55) As a result, McTaggart suffered damages in an amount to be proved at trial.

### Second Claim for Relief
(Overtime - Colorado Wage Claim Act –
Johnson Family Law, P.C. d/b/a Modern Family Law)

56) The foregoing allegations are realleged and incorporated by reference.

57) MFL at all relevant times was an employer within the meaning of the CWCA.

58) MFL at all times relevant employed McTaggart within the meaning of the CWCA.

59) MFL classified McTaggart as non-exempt under the FLSA.

60) A non-exempt employee under the FLSA would also be non-exempt under the CWCA.

61) As a non-exempt employee McTaggart should have been paid one- and one-half times his regular hourly rate for each hour he worked over 40 in a week or 12 in a day.

62) McTaggart regularly worked from 7:00 am until 6:00 or 7:00 pm at the office, and then would go home and work from 9:00 pm to 10:00 pm.

63) MFL's billing records and emails establish that McTaggart worked approximately 25 hours of overtime per week.

64) MFL knew that McTaggart worked these hours.

65) MFL failed to pay McTaggart at a rate of one- and one-half times his regular rate of pay for all of the hours he worked over 40 in a week or 12 in a day.

66) Further, beginning in May of 2019 MFL failed to properly calculate McTaggart's overtime rate.

67) Despite the directive to not work any overtime after May 2019 McTaggart was required to work some overtime.

68) MFL calculated McTaggart's overtime based on his $14.00 per hour pay rate and not by dividing his total remuneration for employment in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid.

69) Thus, even when MFL actually paid McTaggart overtime pay, it failed to properly calculate his overtime rate and owes him money for those hours.

70) As a result, McTaggart suffered damages in an amount to be proved at trial.

### Third Claim for Relief
(Commissions - Colorado Wage Claim Act –
Johnson Family Law, P.C. d/b/a Modern Family Law)

71) The foregoing allegations are realleged and incorporated by reference.

72) McTaggart and MFL did not enter into and unambiguous agreement regarding the payment of commissions after McTaggart's separation from employment.

73) Without an agreement to the contrary MFL is required to pay McTaggart all of his earned, vested, and determinable commissions even if MFL did not receive payment on those invoices until after he left MFL.

74) McTaggart earned commissions.

75) MFL has failed to pay McTaggart his commissions.

76) As a result, McTaggart suffered damages in an amount to be proved at trial.

### Request for Relief

WHEREFORE, Plaintiff, Christopher McTaggart, respectfully prays for a judgment to be entered against the Johnson Family Law, P.C. d/b/a Modern Family Law and against Michael David Johnson, as follows:

A. Against Johnson Family Law, P.C. d/b/a Modern Family Law for unpaid overtime pursuant to the Fair Labor Standards Act, as allowed by law;

B. Against Johnson Family Law, P.C. d/b/a Modern Family Law for liquidated damages pursuant to the Fair Labor Standards Act, as allowed by law;

C. Against Michael David Johnson for unpaid overtime pursuant to the Fair Labor Standards Act, as allowed by law;

D. Against Michael David Johnson for liquidated damages pursuant to the Fair Labor Standards Act, as allowed by law;

E. Against Johnson Family Law, P.C. d/b/a Modern Family Law for unpaid overtime pursuant to the Colorado Wage Claim Act, as allowed by law;

F. Against Johnson Family Law, P.C. d/b/a Modern Family Law for penalties pursuant to the Colorado Wage Claim Act, as allowed by law;

G. Against Johnson Family Law, P.C. d/b/a Modern Family Law for an additional 50% penalty because it willfully violated the Colorado Wage Claim Act, as allowed by law;

    H. Against Johnson Family Law, P.C. d/b/a Modern Family Law for attorney fees and costs available to McTaggart as allowed by the Fair Labor Standards Act and the Colorado Wage Claim Act;

    I. Costs, as allowed by law; and

    J. To award McTaggart all other legal and equitable relief, to which McTaggart is entitled pursuant to any law, that this Court deems just, equitable, and proper.

Respectfully submitted on February 21, 2020

    Mitchiner Law, LLC

by:

    /s/ Thomas H. Mitchiner
    Thomas H. Mitchiner
    Mitchiner Law, LLC
    1888 N. Sherman St., Ste 200
    Denver, CO 80203
    Phone: 720-538-0371
    tmitchiner@mitchinerlawllc.com
    Attorney for Plaintiff Christopher McTaggart

Address of Plaintiff:

716 S. Revere St. Aurora, CO 80012